The People of the State of New York, Respondent,
against
Emmanuel Daudu, Appellant. 




New York City Legal Aid Society (Whitney A. Robinson of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Seth M. Lieberman of counsel), for respondent.

Appeal from three judgments of the Criminal Court of the City of New York, Kings County (Curtis J. Farber, J.), rendered February 16, 2017. Each judgment convicted defendant, after a nonjury trial, of unlicensed operation of a motor vehicle, and imposed sentence.




ORDERED that the judgments of conviction are reversed, on the law, the accusatory instruments are dismissed, and the fines, if paid, are remitted.
Defendant was charged in each of three separate accusatory instruments with, among other things, unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]). Each accusatory instrument alleged that, on a specified date (which date varied from instrument to instrument), defendant had been observed by a named police officer operating a motor vehicle on a public roadway with a suspended or revoked driver's license. At a nonjury trial, each of the three named police officers testified that he had observed defendant operating a motor vehicle on the date specified in the accusatory instrument in which the officer was named. The People submitted into evidence a Department of Motor Vehicles (DMV) abstract, purportedly to establish the fact that defendant's license had been suspended or revoked at the time of the incident. Following the trial, defendant was convicted of each charge of violating Vehicle and Traffic Law § 509 (1).
On appeal, defendant contends, among other things, that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt because the People failed to present any evidence showing that the identification number or pedigree information on the DMV abstract matched defendant'spedigree information. The People agree.
Pursuant to Vehicle and Traffic Law § 509 (1), no person may operate a motor vehicle upon a public highway of the State of New York unless the person is duly licensed pursuant to the provisions of the Vehicle and Traffic Law. In the case at bar, the People failed to elicit any testimony regarding defendant's address, date of birth or identification number so as to match that information with the pedigree information listed on the DMV abstract admitted into evidence. The People merely submitted a photocopy of a DMV abstract, which the prosecutor stated was an abstract of defendant's driving record, and rested their case. Consequently, the proof of defendant's license having been suspended or revoked was legally insufficient. 
We pass on no other issue.
Accordingly, the judgments of conviction are reversed and the accusatory instruments are dismissed.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 17, 2020